# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| VINCENT TRAWICK, | * |
| Plaintiff, | * |
| v. | * CASE NO. 4:09-CV-103 (CDL) |
| | * 42 U.S.C. § 1983 |
| P.A. JOHNSON, *et al.*, | * |
| Defendants. | * |

## REVISED RECOMMENDATION

Plaintiff, Vincent Trawick, filed a claim pursuant to 42 U.S.C. § 1983, wherein he claims that a gunshot wound he received prior to his incarceration was not properly treated in violation of his constitutional rights. (Compl. 5, ECF No. 1.) Defendants Johnson, Burt, Culpepper and Gaillard filed motions for a more definite statement, seeking to have Plaintiff file a more succinct and plain statement of his complaints against them. (Docs. 21, 23, 26.) Defendants' Motions were granted on May 10, 2010, and June 8, 2010, respectively, and Plaintiff was given twenty-one days from the date of receipt in which to file said statements.

Plaintiff failed to respond to the Court's Orders directing him to file more definite statements of his claims against the named Defendants within the allotted time, but ultimately filed an unlabeled document on August 16, 2010, more than a month after the court's deadline. (ECF No. 31.) In this "Response," Plaintiff merely makes a general claim, just as he did in his original Complaint, that "they" did not properly dress and care for a gunshot wound he had received. (Resp. 1, ECF No. 31.) Plaintiff's Response thus fails to allege a specific claim against any of the named Defendants. As such, Plaintiff has failed to comply

with the Court's Order to file a more definite statement and his Complaint should be dismissed.

Out of an abundance of caution, however, Plaintiff's Complaint and Response will be screened pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A, which states, in relevant part, that:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are clearly baseless, or if it is based on an indisputably meritless legal theory." *Johnson v. Wilbur*, 375 F. App'x. 960, 963 (11th Cir. 2010). Reviewing the facts in a light most favorable to him as a *pro se* plaintiff, a detailed analysis of his claims reveal that he has wholly failed to allege a claim of deliberate indifference to his medical needs.

Where a complaint seeks relief for the deprivation or denial of medical attention, the prisoner must allege that he has an "objectively serious medical need" and that the officials

acted with deliberate indifference to that need. *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir.2003)(citations omitted). "[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow,* 320 F.3d at 1243 (internal quotation marks and citation omitted). To demonstrate subjective deliberate indifference, the prisoner must show that the officials (1) knew of the risk of serious harm; (2) disregarded that risk; and (3) acted with more than just mere negligence. *Id.* at 1245. In other words, the prisoner must allege that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain" and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir.2000) (internal quotation marks, alterations and citations omitted).

Here, the Plaintiff has sufficiently alleged a serious medical need - a gunshot wound- but he has failed to properly allege deliberate indifference to that medical need. In a factually similar case where an inmate filed a § 1983 action against members of the medical staff regarding the treatment he received for a gunshot wound, the Eleventh Circuit affirmed the district court's finding that the failure to change the wound dressing daily did not constitute deliberate indifference to a serious medical need where the plaintiff failed to show the wound was not healing or had become infected. *Linares v. Armour Corr. Health Servs., Inc.,* 385 Fed. App'x. 926, *2 (11th Cir. 2010). The Eleventh Circuit has further held in similar cases that:

> Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference." *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir.1985). Further, the question of whether an inmate should have received different diagnostic tests or treatments is not an appropriate basis for Fourteenth Amendment liability. *Adams v. Poag,* 61 F.3d 1537, 1545 (11th Cir.1995).

*Woody v. Chronic*, No. 10-10571, Slip op., 2010 WL 4273261 (11th Cir. Nov. 1, 2010). In this case, Plaintiff has failed to allege an injury such that he can establish deliberate indifference. Plaintiff Trawick simply claims that he has suffered a "violation" from the refusal of the Defendants to pack his wound and re-dress it twice a day pursuant to the "Doctor's instructions." (Plaintiff's Resp.) Plaintiff, however, has failed to allege that the wound was not healing or that it had become infected in any way, or even that the Defendants failed to treat him. He merely complains about the manner of his treatment. Plaintiff has further failed to allege any physical damage resulting from the course of treatment by the defendants, but merely states that he seeks "proper" treatment and $750,000 for pain and suffering. (Compl. 5.) For the foregoing reasons, therefore, it is found that Plaintiff's claims fail to state a claim upon which relief may be granted.

ACCORDINGLY, it is hereby RECOMMENDED that Plaintiff's case be dismissed for his failure to comply with the Court's Order to file a More Definite Statement, as well as his failure to state a claim pursuant to 28 U.S.C. § 1915. Under the provisions of 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

So **RECOMMENDED**, this 21st day of December, 2010.


                                        S/ STEPHEN HYLES
                                        UNITED STATES MAGISTRATE JUDGE