**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| VINCENT TRAWICK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:09-CV-103 (CDL) |
| | * | 42 U.S.C. § 1983 |
| P.A. JOHNSON, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## **SUPPLEMENT TO REVISED RECOMMENDATION**

A Report and Recommendation in this case was filed on December 21, 2010. (ECF No. 36.) No objections were timely filed by Plaintiff. Then, on February 3, 2011[1], Plaintiff filed a Motion to Amend his Complaint to add new Defendants and increase the amount of damages he seeks (ECF No. 39). For the reasons set out below, Plaintiff's motion should be denied and the Recommendation be adopted.

In his Motion to Amend, Plaintiff seeks to add Sheriff John Darr as a party Defendant and claims "[t]hat at the time that Petitioner was unaware that the sheriff was responsible for the inactions or actions of the employees of the Muscogee County Jail and therefore Petitioner did not include said sheriff as a Respondent." (Mot. To Am. 2.) Plaintiff also

---

[1]Although Plaintiff's Motion to Amend was not filed until February 8, 2011, it was signed by him on February 3, and postmarked February 7, 2011. Under the mailbox rule, a prisoner's pleading is considered filed on the date the prisoner delivers such to prison authorities for filing. *See Lewis v. Barnick*, 385 F. App'x 930, 931 (11th Cir. 2010). Regardless of which date the Court considers, however, Plaintiff's Motion to Amend was filed outside of the time allowed for filing objections to the Recommendation.

requests to add the "County Commissioner" as a Defendant, but provides no legal rationale for this addition. He further attempts to increase the requested monetary damages from $750,000 to $3,000,000 because he "was unaware of the total damage caused by the Respondents . . . ." (*Id.*)

Federal Rules of Civil Procedure Rule 15 governs amended and supplemental pleadings in federal court. Rule 15(a)(1) provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although the district court should freely give leave to amend 'when justice so requires,' the court may properly deny leave to amend if it concludes that the proposed amendment would be futile." *Brown v. Lewis*, 361 F. App'x 51, 56 (11th Cir. 2010) (internal citation omitted). An amendment to a complaint may be considered "futile" if "the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotation marks omitted)*; see also, e.g., Case v. Riley*, 270 F. App'x 908, 911 (11th Cir. 2008) (per curiam); *Smith v. Sec'y for Dep't of Corr.*, 252 F. App'x 301, 302-03 (11th Cir. 2007) (observing that the district court's apparent failure to construe a pro se plaintiff's supplemental pleadings as amendments to complaint was not error if the amendments would have been futile).

In this case, it was recommended in the Revised Recommendation that Plaintiff's case

2

be dismissed pursuant to 28 U.S.C. § 1915A for his failure to state a claim upon which relief could be granted. Even if Plaintiff were permitted to add the new Defendants to his Complaint[2] and increase the amount of damages sought, his claims would still be subject to dismissal. Thus, because the amendments would be futile, it is not necessary to permit Plaintiff to amend his Complaint.

ACCORDINGLY, it is the continued RECOMMENDATION that Plaintiff's case be dismissed for his failure to comply with the Court's Order to file a More Definite Statement, as well as his failure to state a claim pursuant to 28 U.S.C. § 1915. Under the provisions of 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

So **RECOMMENDED**, this 22nd day of February, 2011.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE

---

[2] It is noted that a Sheriff, as a supervisory official, cannot be found liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondent superior or vicarious liability unless he "personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).